UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.:

THE FLOMENHAFT LAW FIRM, P.C.,
THE FLOMENHAFT LAW FIRM, P.L.L.C.,
and MICHAEL FLOMENHAFT,

    Plaintiffs,

vs.

JUSTICEFUNDS, LLC,

    Defendant.
_____/

**COMPLAINT**

Plaintiffs, The Flomenhaft Law Firm, P.C., The Flomenhaft Law Firm, P.L.L.C., and Michael Flomenhaft (collectively, the "Flomenhaft Firm" or "Plaintiffs"), hereby file this Complaint against Defendant, Justicefunds, LLC, seeking: (i) to compel arbitration of the claims asserted by Defendant in the Supreme Court of the State of New York, County of New York, Index No. 653638/2021 (the "State Court Action"); (ii) to enjoin Defendant from further pursuing the State Court Action; and (iii) for related relief.

**I.  INTRODUCTION.**

1.    As explained below, a valid, irrevocable, and enforceable arbitration agreement exists under federal law which governs a dispute between the parties. Rather than pursuing resolution of this dispute in accordance with the terms of the arbitration agreement, Defendant has filed suit in the Supreme Court of the State of New York, County of New York, seeking money damages for alleged violations of its rights. Pursuant to 9 U.S.C. § 4, this Court may compel

Case No.

arbitration on five (5) days' notice, and Plaintiffs request that this Court do so. Pursuant to 28 U.S.C. § 2283 and *Great Earth Co. v. Simons*, 288 F.3d 878, 894 (6th Cir. 2002), Plaintiffs also request this Court to enjoin Defendant from further pursuing the State Court Action that it initiated in an effort to avoid the arbitration agreement. Plaintiffs further request that after compelling arbitration and enjoining Defendant, the Court stay this matter pursuant to 9 U.S.C. § 3 until the arbitration is completed, at which point the Court may enter judgment on any arbitration award.

**II.     PARTIES, JURISDICTION, AND VENUE.**

2. Plaintiff The Flomenhaft Law Firm, P.C. is a New York corporation with its principal place of business in New York, New York.

3. Plaintiff The Flomenhaft Law Firm, P.L.L.C. is a New York limited liability company. Its sole member is Michael Flomenhaft, who is a resident of New York. Therefore, The Flomenhaft Law Firm, P.L.L.C. is a resident of New York.

4. Plaintiff Michael Flomenhaft is *sui juris* and is a resident of New York.

5. Defendant Justicefunds, LLC is a Delaware limited liability company. Upon information and belief, and according to filings available from the Florida Secretary of State, the sole members of Justicefunds, LLC are SuttonPark Capital, LLC and Frederick Love. SuttonPark Capital, LLC is a Delaware limited liability company and the sole member of SuttonPark Capital, LLC is Frederick Love. Frederick Love is a resident of Florida. Therefore, Justicefunds, LLC is a resident of Florida.

6. Complete diversity of citizenship exists between Plaintiffs and Defendant.

2

Case No.

7. The claims which Plaintiffs seek to compel to arbitration are for monetary damages in the amount of $1,465,000.00. Therefore, the amount-in-controversy exceeds seventy-five thousand dollars, exclusive of interest and costs.

8. The transactions and contracts or agreements that the subject of this action involve commerce among the several states (*i.e.*, interstate commerce), and the controversies that are the subject of this action arise out of said transactions or agreements within the scope of the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) and 9 U.S.C. § 4.

10. Defendant is subject to personal jurisdiction in this Court as Defendant transacts business in Miami-Dade County, Florida and Defendant submitted to the jurisdiction of state and federal courts in Miami-Dade County, Florida in the arbitration agreement.

11. Venue properly lies in this district as the parties submitted to the exclusive venue of courts sitting in Miami-Dade County, Florida in the arbitration agreement and the causes of action accrued in this district.

### III.   FACTUAL ALLEGATIONS.

12. On or about December 14, 2018, The Flomenhaft Law Firm, P.C., as the "Borrower," entered into a Loan Agreement with Justicefunds, LLC as the "Lender" (hereinafter, the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as Exhibit "A."

Case No.

13. According to the Loan Agreement, ███████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████

14. After execution of the Loan Agreement, Justicefunds, LLC made separate disbursements to The Flomenhaft Law Firm, P.C. in late December 2019, January 2020, February 2020, and March 2020, totaling only $1.465 million ████████████████████████████

█████████████

15. Section 12.01(b) of the Loan Agreement provides for mandatory, confidential arbitration of disputes, claims, or controversies arising out of or relating to the Loan Agreement, as set forth below:

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████

(Loan Agreement, § Section 12.01(b).)

16. Section 12.01(b) of the Loan Agreement further provides ████████████████

████████████████████████████████████████████████████████████████████████

█████████████

████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

4

███████████████████████████████████████████████
██████████████████

(*Id.*)

17. According to Section 12.01(b), ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

18. On June 7, 2021, Justicefunds, LLC filed the State Court Action in violation of the arbitration provisions in the Loan Agreement. A true and correct copy of the Complaint filed by Justicefunds, LLC in the State Court Action (hereinafter, the "State Court Action Complaint") is attached hereto as Exhibit "B." It brought claims for unjust enrichment (Count I), Money Lent (Count II), Breach of Implied Contract (Count III), Conversion (Count IV), and Fraud (Count V). In each count, Justicefunds, LLC seeks recovery of the loaned amounts.

19. The State Court Action was a transparent attempt to embarrass the Flomenhaft Firm into settling Justicefunds, LLC's claims, which were publicized in a Law360 article, despite the Loan Agreement's requirement that any dispute be resolved privately in a confidential JAMS arbitration proceeding.

20. Justicefunds, LLC alleges in the State Court Action that Plaintiffs failed "to repay a total of one million four hundred and sixty-five thousand dollars ($1,465,000.00) loaned … by [Justicefunds, LLC] to [Plaintiffs] on eight (8) separate occasions from December 20, 2018

5

Case No.

through March 7, 2019." (State Court Action Complaint, ¶ 1.) Justicefunds, LLC alleges it "advanced" the funds based upon Plaintiffs' "acknowledgment, understanding, and representation that the Flomenhaft Law Firm and/or Michael Flomenhaft would repay" the amounts due. (*Id.*, ¶ 41.)

21. Justicefunds, LLC does not attach the Loan Agreement to, or acknowledge the existence of the Loan Agreement in, its State Court Action Complaint. According to Justicefunds, LLC, Plaintiffs "accepted and took possession" of the loaned amount with knowledge that the funds were "subject to a repayment obligation."

22. The Loan Agreement provides, ███████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████ No loan agreements, amendments, or modifications were executed by the parties other than the Loan Agreement attached as Exhibit "A." No loan amounts were advanced between the parties other than the amounts that were advanced subject to the Loan Agreement attached as Exhibit "A."

23. While all of the causes of action brought by Defendant in the State Court Action Complaint are clearly within the scope of the arbitration agreement, in any event, disputes concerning ████████████████████████████████████████████████ are to be determined by the appointed arbitrators. (Loan Agreement, § 12.01(b)).

6

Case No.

24. The Loan Agreement attached as Exhibit "A" evidences a transaction involving interstate commerce under 9 U.S.C. § 2.

25. Plaintiffs have retained undersigned counsel and are required to compensate counsel a reasonable fee.

## ACTION TO COMPEL ARBITRATION

26. Plaintiffs re-allege and incorporate all of the allegations contained in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Defendant refuses to submit its claims in the State Court Action to binding arbitration as provided in the arbitration agreement attached hereto as Exhibit "A."

28. Section 4 of the Federal Arbitration Act provides Plaintiffs with the right to petition the Court for an Order directing that arbitration proceed upon five days' notice and in the manner provided in the Loan Agreement.

29. The arbitration agreement encompasses all of Defendant's claims in the State Court Action.

30. Plaintiffs have not acted inconsistent with the right to compel arbitration as set forth in the Loan Agreement.

31. Plaintiffs request entry of an Order requiring Defendant to pursue all claims brought in the State Court Action against the Flomenhaft Firm, and The Michael Flomenhaft Law Firm, P.C.,[1] in the manner provided in the arbitration agreement attached hereto as Exhibit "A."

---

[1] The Michael Flomenhaft Law Firm, P.C. was named by Defendant in the State Court Action Complaint. (*See* Exhibit "B.") The Michael Flomenhaft Law Firm, P.C. is not a legal entity.

7

Case No.

## ACTION TO ENJOIN DEFENDANT

32.     Plaintiffs re-allege and incorporate all of the allegations contained in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

33.     28 U.S.C. § 2283 provides authority for this Court to enjoin Defendant from further pursuing the State Court Action upon a finding that a valid arbitration agreement exists covering all of the claims asserted in the State Court Action.

34.     Numerous courts have interpreted 28 U.S.C. § 2283 as allowing this Court to so enjoin Defendant when such an injunction is necessary to effectuate the Court's judgment.

35.     Enjoining Defendant from further pursuing the State Court Action against the Flomenhaft Firm, and The Michael Flomenhaft Law Firm, P.C., would be necessary to protect the Court's final judgment.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiffs pray for the following relief:

1. A judgment by this Court finding the arbitration agreement attached hereto as Exhibit "A" is valid and enforceable, and compelling Defendant to arbitrate all claims alleged in the State Court Action against The Flomenhaft Law Firm, P.C., The Flomenhaft Law Firm, P.L.L.C., Michael Flomenhaft, and The Michael Flomenhaft Law Firm, P.C. in accordance therewith;

2. An order enjoining Defendant from further pursuing its claims in the State Court Action, or in any other action, against The Flomenhaft Law Firm, P.C., The Flomenhaft Law Firm, P.L.L.C., Michael Flomenhaft, and The

Sherry Law Office PLLC • www.sherrylawoffice.com • 1221 Brickell Avenue, Ste. 900 Miami FL 33131

Case No.

Michael Flomenhaft Law Firm, P.C. save the procedures provided under the arbitration agreement;

3. An Order staying this Action pending an award or decision from the arbitrator;

4. Plaintiffs' costs and attorneys' fees in bringing this Action; and

5. Any further relief the Court deems appropriate.

Respectfully submitted,

By: /s/ Jason B. Sherry
Jason B. Sherry, Esq.
Florida Bar No. 102218
SHERRY LAW OFFICE, PLLC
*Counsel for Plaintiffs*
1221 Brickell Avenue, Ste. 900
Miami, Florida 33131
Tel: 305-347-5154
jason@sherrylawoffice.com